SAN MIGUEL, GONZÁLEZ AND VALIENTE & COMPANY, Plaintiff and Appellant, v. MUNICIPALITY OF CAGUAS, Defendant and Appellee.

No. 9722. Argued February 10, 1949.—Decided May 10, 1949.

*E. Martínez Rivera* and *Luis Blanco Lugo* for appellant. *Federico E. Virella* for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

By ordinance approved in 1928, the Municipality of Caguas made a loan for the sum of $146,000 to cover the cost of certain improvements to its waterworks and of other municipal public works. Of this loan the amount of $60,000 was allotted for the filtration plant of the waterworks but by a subsequent ordinance approved on January 8 of the following year it was increased to $80,000. The award for the construction of the filtration plant was adjudicated at a public bid to engineer Robert R. Prann for the sum of $33,976.64, a final contract being executed between the parties on February 3, 1931 which was approved by the Commissioner of the Interior of Puerto Rico on April 13 of the same year. The work was completed by the contractor to the satisfaction of the parties, but upon the final liquidation being made by the Commissioner of the Interior it disclosed that the total cost of the work amounted to $45,753.33, the excess of $12,484.63 being certified by the Commissioner to be paid by the municipality.

Since the contractor owed, on other accounts, a larger sum to the Banco Territorial y Agrícola de Puerto Rico which at that time was in liquidation, the District Court of San Juan shortly thereafter authorized the conveyance to said bank of the credit which Prann had acquired by the aforesaid contract with the Municipality of Caguas. Several years elapsed and since the Banco Territorial was still in possession of the credit conveyed to it, which still remained unpaid, on March 25, 1943 it sold said credit to the plaintiff for the amount of $2,500. To collect this credit the appellant instituted a mandamus proceeding which it abandoned before the court disposed of it on its merits. Thereafter it filed the proceeding which is now before us. It prays that judgment be rendered ordering the municipality defendant to pay the aforesaid $12,484.63, with legal interest from November 4, 1933 until its full payment; or, in the alternative, to establish the existence of a lien on said filtration

plant in its favor for the stated amount with interest; or to decree the acknowledgment by said municipality of a condominium on said filtration plant for the aforesaid amount with interest in favor of the plaintiff; or to grant any other adequate remedy with costs and attorney's fees.

The case was heard on its merits and after both parties introduced ample oral and documentary evidence, the District Court of Caguas dismissed the complaint with costs on the plaintiff. The gist of the decision was that since the contractor had failed to make his claim within the period of one month for the extra work performed by him his right had prescribed, and, hence, so had plaintiff's. From this judgment the present appeal was taken.

■ Appellant insists that the lower court erred in deciding that the contractor's failure to require the payment for the extra work within the period of one month barred plaintiff's right to claim it.

Clause 6 of the contract executed between Prann and the Municipality of Caguas on February 3, 1931 provides "That the General Conditions of the Contract for Insular Public Works in force since July 1902, are applicable to this contract and are a part thereof." And § 30 of the aforesaid General Conditions reads thus:

"Extra Work"

"Any alteration or changes in the project producing work not provided for in the contract shall be considered as extra work.

"No claim for extra work shall be allowed unless such work shall have been previously ordered in writing by the local engineer with the approval of the Superintendent of Public Works, and an agreement upon the prices to be paid for such extra work has been reached between the engineer and the contractor and such prices duly approved.

"*The claims for extra work, when it is ordered, shall be presented and paid in the next monthly estimate for extra work, otherwise said claims shall be forfeited and waived.*

"Alterations or changes in the details of the work not entailing new prices shall not be considered as extra work, and the contractor will be required to perform such alterations or changes under the direction of the local engineer at the prices named in the Contract; *Provided*, however, That said alterations and changes do not increase the quantities over 20 per cent of the original estimate. For all work in excess of 20 per cent of the original quantities caused by such alterations and changes, the Bureau of Public Works reserves the right to enter into a written agreement with the contractor to execute such additional work upon prices mutually agreed upon, or to have the same carried out by day labor or by any other method it may direct. Should, however, any alterations or changes in the work produce a diminution in the original cost or quantities not reaching 20%, the reduction thus made shall not constitute a claim for damages by the contractor or for profits supposed to be lost by him on the work that may be altered or dispensed with." (Italics ours.)

There is nothing in the record to show that contractor Prann presented his claim to the municipality in the next monthly estimate for extra work, as required by § 30. In the absence of evidence to this effect said claim, according to the very terms of said Section, should be considered as forfeited for nonfulfillment and as waived. The first error was not committed.

Under the second assignment plaintiff maintains that "in the event that the stipulated period of prescription should be considered applicable," the lower court erred "in not limiting its effect to any quantity in excess of twenty (20) per cent of the amount of the contract."

We do not agree with the plaintiff. It is true that in the Contract Specifications and General Conditions supplied to all those persons who appeared at the public bid advertised by the Municipality of Caguas in connection with the improvements to its waterworks, the following condition appears under No. 26:

". . . Any work in excess of twenty (20) per cent of the amount of the contract shall be dealt with pursuant to sec. 30 of the General Conditions of the Contract for insular public works."

It is likewise true that pursuant to § 20 thereof, said specifications form part of the contract. But in our analysis of the first assignment of error we have become acquainted with § 30 of the General Conditions and nowhere does it specifically provide that when the extra work exceeds 20 per cent, the contractor shall be entitled to recover the 20 per cent thereof, even if he has failed to make his claim within the next month. The object of referring in paragraph 26 of the Specifications to § 30 of the General Conditions was undoubtedly to stress the point that the Bureau of Public Works reserved the right, with respect to every work in excess of 20 per cent of the original amount, to execute a written contract with the contractor but not to make an exception for the recovery of the 20 per cent when the extra work performed exceeded that percentage. The parties admit that the extra work was carried out and that it was duly certified by the proper municipal officer and by the Commissioner of the Interior. This notwithstanding, in the absence of evidence to the effect that the claim for the whole amount of the extra work was timely made, the right to claim the 20 per cent of the excess as well as the total amount, was forfeited and waived.

The third assignment of error is to the effect that "In the event that the stipulated one-month period within which to make the claim for the extra work in excess of the 20 per cent of the amount of the contract should affect plaintiff's right, the District Court of Caguas erred in applying said rule to the sum of $4,575.33 which is the 10 per cent retained from Mr. Prann as guarantee of the faithful performance of the contract."

Pursuant to paragraph 9 of the contract between Prann and the municipality "monthly payments shall be made to the contractor during the progress of the work in proportion to the material supplied and the labor performed during the month, chargeable to this contract, *the amount of 10 per cent of each payment being retained until the full comple-*

*tion of the work and its final acceptance;* provided compliance is had with all the requirements as stipulated in the General Conditions of the contract." (Italics ours.) In harmony with this agreement the municipality always retained 10 per cent of the amounts paid. If the 10 per cent so retained were still in the hands of the municipality, we would agree with the plaintiff.

But this 10 per cent was delivered by the municipality to the contractor himself on May 10, 1932, pursuant to a contract entered into between them on that same day. It was stated in said contract that the Municipality of Caguas had in its possession the sum of $3,287.01 which represented the 10 per cent retained from the amounts paid; that the municipality was owing to Prann for work performed and not paid the sum of $3,278.56 and that since the municipality had no other funds from which to make said payment and Prann had agreed to guaranty the faithful performance of the contract with other amounts which the municipality owed him, the latter had agreed to pay and did pay to Prann the amount of $3,278.56 out of the $3,287.01 which it then had in its possession as proceeds of the percentage retained from the amounts paid for work performed. Hence, what was done in effect was to pay almost the whole amount retained as 10 per cent of the contract and to receive as guarantee a credit certificate issued for extra work performed. Since the municipality delivered the amount retained, keeping in its possession a certificate which only formed part of the amount claimed, the lower court acted correctly in not ordering the payment of the total amount of said 10 per cent.

█ Lastly the plaintiff alleges that the lower court erred in dismissing the complaint and in not granting any relief. The plaintiff, as we have seen, is assignee of the Banco Territorial y Agrícola de Puerto Rico and the latter in turn is assignee of contractor Prann. When assignment was made from Prann to the Banco Territorial y Agrícola Prann had already forfeited and waived all his rights to

claim said amount from the municipality because he had failed to present his claim during the one month stipulated in the General Conditions. If by that time Prann had no right whatsoever to recover from the municipality, the assignment made to the Banco Territorial y Agrícola did not revive the right to claim from the municipality. Nor was it revived by the mere conveyance of said credit to plaintiff herein 10 years later. Accordingly, the latter acquired nothing and hence is not entitled to any remedy.

■■ On the other hand, the complaint does not allege the existence of any fund in the budget to meet the sum claimed and, furthermore, the evidence discloses that at the time that Prann completed and delivered the filtration plant the item of $80,000 appropriated for improvements to waterworks was already exhausted and that in subsequent budgets no amount whatsoever was ever appropriated for the payment of the credit claimed.[1]

This reason would by itself be sufficient to dismiss the complaint as to the recovery of the $12,484.63. *De la Cruz* v. *Government of the Capital*, 68 P.R.R. 496, 506. However, we have chosen not to dismiss it on that ground because in the errors assigned plaintiff insisted that it was entitled to receive at least the amount of 10 per cent retained by the municipality and in the prayer of the complaint it sought alternative reliefs. As to the 10 per cent retained we have already dealt on the question in the course of this opinion. As to the alternative remedies sought we must say that since a contract made by a municipality in violation of § 8(9) of Act No. 53 of 1928 (Laws of 1928, p. 334) — providing that "no obligations or debts shall be incurred beyond the amounts appropriated in the budget"—is null and void, we can not grant any of the alternatives remedies sought by the plaintiff inasmuch as it would amount to permitting indirectly that which is prohibited to be accomplished directly. To acknowledge any of the alternative

---

[1] The record contains a stipulation of the parties to that effect.

remedies sought would be tantamount to converting into dead letter the purposes of the statute. See McQuillin, Municipal Corporation, 2d edition, revised in 1943, vol. 3, § 1266, pp. 1088–1091, and cases cited therein.

The judgment will be affirmed.